UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA-WAYNE RABOLD,

Plaintiff,

vs.

AMANDA FAYE HAYES; and
JANICE HUNT,

Defendants.

Case No.
6:24-cv-1580-PGB-RMN

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Show Cause (Dkt. 66), filed March 20, 2025, which the Court construes as a response to its March 17, 2025 Order to Show Cause as to Plaintiff (Dkt. 60). Upon consideration, I respectfully recommend the Court dismiss this action pursuant to the *Younger* abstention doctrine.

## I.  BACKGROUND

On August 30, 2024, *pro se* Plaintiff Joshua-Wayne Rabold filed a complaint against Defendants Amanda Faye Hayes and Janice Hunt. Dkt. 1. The Complaint appears to allege various constitutional violations related to real property deeds (*See* Dkt. 1 ¶ 1), pending state court actions (*see id.* ¶ 4), family law issues (*see id.* ¶ 5), and potential criminal proceedings (*see id.* ¶ 6).

On March 17, 2025, after a *sua sponte* review of the docket, I issued an Order to Show Cause as to Plaintiff because my review of the Complaint revealed that the Court may lack subject matter jurisdiction over this action. Dkt. 60. I directed Plaintiff to show cause in writing why this case should not be dismissed pursuant to the *Younger* abstention doctrine. *Id.* at 3. The Court construes Plaintiff's instant Motion to Show Cause as his response to the Court's March 17, 2025 Order to Show Cause. Dkt. 66. This matter is ripe for review.

## II.  LEGAL STANDARDS

### A.    Subject Matter Jurisdiction Standard

Federal courts have an independent duty to determine whether subject matter jurisdiction exists. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court may have jurisdiction under a specific statutory grant, federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal question jurisdiction under 28 U.S.C. § 1331 "aris[es] under the Constitution, laws, or treaties of the United States." Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiffs and defendants. *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978). To achieve "complete diversity," no plaintiff may be a citizen of the same state as any defendant. *Id.*

B.    **Pleading Standards**

A complaint must state a claim for relief that includes (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

A complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Complaints that fail to comply with procedural rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Examples of shotgun pleadings include a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and a complaint with "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (alteration in original). When faced with a shotgun pleading, dismissal may be appropriate. *Weiland*, 792 F.3d at 1320.

### C.    Liberal Construction Standards

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not mean forgiving noncompliance with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.  ANALYSIS

In the Complaint, Plaintiff appears to challenge the ongoing domestic relations case in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida under Case Number 05-2022-DR-040102-XXXX-XX.[1] Dkt. 1 ¶ 4. That case involves the dissolution of Plaintiff's marriage with Defendant Amanda Hayes and includes a parenting plan and conveyance of real property. *See generally Amanda Hayes v. Joshua Rabold*, 05-2022-DR-040102 (Fla. 18th Cir. Ct). From this Court, Plaintiff seeks full custody of his children, title to specific real property located in Brevard County, Florida, and removal of the final judgment for dissolution of marriage from the public record. Dkt. 1 at 2. In his response to the Court's March 17, 2025 Order to Show Cause as to him, Plaintiff does not discuss the domestic relations case but mentions an ongoing

---

[1] The ongoing state proceeding can be found by searching the case number at https://vmatrix1.brevardclerk.us/beca/CaseNumber_Search.cfm. Though the state court entered final judgment in 2023, there are several pending motions, including one to reopen the proceedings.

misdemeanor state court proceeding—Case Number 05-2024-MM-015699-AXXX-BC—and provides that the state court lacks jurisdiction over that case. Dkt. 66 at 1, 3. [2] It is unclear the connection between Plaintiff's Complaint and the other state court proceeding he mentions but regardless his response does not provide any information to preclude the finding that this Court lacks subject matter over this action pursuant to the *Younger* doctrine.

Federal district courts are courts of limited jurisdiction and must nonetheless abstain from hearing a federal case that interferes with pending state proceedings. That principle is called the *Younger* abstention doctrine. In *Younger v. Harris*, the Supreme Court held that a federal district court must not interfere with pending criminal state court proceedings except under certain special circumstances.[3] 401 U.S. 37, 53–54 (1971). Although *Younger* involved a criminal proceeding, its principles have been interpreted to be "fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Such abstention is required by "a proper respect for state functions" and "the belief that the National Government will fare best if the States and their institutions are left

---

[2] The ongoing misdemeanor state proceeding can be found by searching the case number at https://vmatrix1.brevardclerk.us/beca/CaseNumber_Search.cfm.

[3] There are no special circumstances in this case that would warrant an exception to *Younger* abstention.

free to perform their separate functions in their separate ways." *Younger*, 401 U.S. at 53–54.

This doctrine requires federal courts to abstain from asserting jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings. *Younger, 401 U.S.* at 41. The doctrine requires federal courts to refrain from deciding the merits of a case when (1) there is a pending state court proceeding (2) that implicates important state interests, and in which (3) the parties have an adequate opportunity to raise any constitutional claims. *Middlesex Cnty. Ethics Comm.*, 457 U.S. at 432.

Plaintiff's Complaint is challenging an ongoing state court domestic relations proceeding which implicates important state interests—such as divorce and child custody—and he can raise any constitutional claims he may have there. Dkt. 1 ¶¶ 1–8. Thus, the *Younger* abstention doctrine applies to Plaintiff's claims, and so I respectfully recommend that the Court dismiss this case with prejudice. *See Liedel v. Juv. Court of Madison Cty.*, 891 F.2d 1542, 1546 (11th Cir. 1990) ("Thus, under *Younger* . . . federal district courts may not interfere with ongoing child custody proceedings."); *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) ("The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court

modification."); *see also 31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (A federal court "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.") (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

In the alternative, the Court could conclude that the state dissolution proceeding concluded in 2023 when the state court entered judgment. If so, this case should still be dismissed but under the *Rooker-Feldman* doctrine. Put simply, that legal doctrine compels district courts to decline jurisdiction when litigants who lose in state courts seek review of state court judgments in federal district court. *See Lance v. Dennis*, 546 U.S. 459, 460 (2006). If the Court concludes the state proceeding has concluded (despite the pending motions), then Plaintiff's claims would fall squarely with the category of cases barred by the *Rooker-Feldman* doctrine. *See, e.g., Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

## IV. RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court:

1.    **DISMISS with prejudice** Plaintiff's Complaint (Dkt. 1);

2.    **DENY as moot** the remaining pending motions (Dkts. 58, 65); and

3.    **DIRECT** the Clerk to close this file.

<u>Notice to Parties</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on March 24, 2025.

_____

ROBERT M. NORWAY

*United States Magistrate Judge*

Copies to:

Hon. Paul G. Byron

Joshua-Wayne Rabold
1567 Pinetree Lane Northwest
Palm Bay, Florida 32907

Amanda Faye Hayes
766 Ponderosa Lane
Titusville, Florida 32796

Janice Hunt
3767 Sawgrass Drive
Titusville, Florida 32780