## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JOSHUA-WAYNE RABOLD,**

   **Plaintiff,**

**v.**          **Case No: 6:24-cv-1580-PGB-RMN**

**AMANDA FAYE HAYES and
JANICE HUNT,**

   **Defendants.**

_____/

## ORDER

This cause is before the Court on Plaintiff Joshua-Wayne Rabold's ("**Plaintiff**") filing entitled Notice of Dishonor. (Doc. 92 (the "**Notice**")). Upon consideration, Plaintiff's Notice is due to be stricken.

## I.  BACKGROUND

Plaintiff, proceeding *pro se*, filed his Complaint in this action on August 30, 2024. (Doc. 1). During the pendency of this relatively short-lived case, the Court was continuously called upon to enter Orders addressing Plaintiff's violations of the Local Rules and the Federal Rules of Civil Procedure. Prior to dismissing the case on the merits, the Court entered no less than fifteen Orders in which the Court either demanded that Plaintiff Show Cause, struck Plaintiff's filings for violations of applicable rules and law, or denied Plaintiff's motions without prejudice due to such violations. (Docs. 10, 13, 15, 20, 25, 39, 43, 51, 55, 56, 60, 62; *see also* Docs. 61, 71 (setting forth additional, related violations by Plaintiff)).

Ultimately, on April 11, 2025, the Court adopted the Report of Magistrate Judge Robert M. Norway recommending dismissal of the instant action pursuant to the *Younger* abstention doctrine. (Docs. 69, 80). Yet, despite the closure of this case more than three months ago, Plaintiff's frivolous filings remain unabated and now divert the Court's time and attention from the active cases on its docket. (*See* Docs. 82, 83, 84, 85, 87, 88, 92). For example, on May 20, 2025, Plaintiff filed a document entitled "Bill of Exchange" (Doc. 87 (the "**purported Bill**")), wherein Plaintiff demanded more than $4,000,000.00 in payment from the undersigned Judge for "willful trespass, infringement, deprivation of secured rights and material breach of contract." Considering that this filing had no basis in law or fact, the Court struck the purported Bill, and "[once] again reminded [Plaintiff] that this matter is closed." (Doc. 88). Undeterred, on July 9, 2025, Plaintiff filed the instant Notice wherein Plaintiff alleges the undersigned Judge has "dishonored" the purported Bill and demands payment under this baseless and now-stricken filing. (Doc. 92).

## II.    LEGAL STANDARD

Federal courts have "both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions" by fashioning sanctions tailored to the conduct in question. *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986). This includes the power "to sanction a party who has acted in bad faith, vexatiously,

wantonly, or for oppressive reasons." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017).

Accordingly, the Eleventh Circuit has long recognized the court's ability to protect itself from abusive litigants. *See Procup*, 792 F.2d at 1071–74 (affirming in part an order of the district court enjoining *pro se* litigant from filing any cases unless represented by counsel); *see also United States v. Hintz*, 229 F. App'x 860, 861 (11th Cir. 2007)[1] (citing *Procup*, 792 F.2d at 1073–74). As a result, "considerable discretion is necessarily reposed in the district court" to draft orders enjoining abusive litigation tactics. *See Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *see also May v. Hatter*, No. 00–4115–Civ–Moore, 2001 WL 579782, at *4 (S.D. Fla. May 15, 2001) (quoting *Martin-Trigona*, 986 F.2d at 1387).

## III.   DISCUSSION

The Notice represents another frivolous filing by Plaintiff that is not permitted by the Local Rules or the Federal Rules of Civil Procedure and is thus due to be stricken. Although *pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed," *pro se* pleadings must nevertheless comply with the minimum pleading standards set forth in the Federal Rules of Civil Procedure and the Local Rules. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Nawab v. LVNV Funding LLC*, No.

---

[1]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

5:12-cv-129-Oc-10PRL, 2012 WL 12918283, at *1 (M.D. Fla. Nov. 19, 2012). Accordingly, the Notice will be stricken.

Additionally, despite the Court's dismissal of this case with prejudice, the Court continues to expend an inordinate amount of its time and resources addressing Plaintiff's meritless filings. The Court thus advises Plaintiff that it will sanction Plaintiff upon *any* future frivolous filings in this case and will enjoin him from all future filings.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Notice of Dishonor (Doc. 92) is hereby **STRICKEN**. Failure to comply with this Order and the directives herein will result in appropriate sanctions without further notice.

**DONE AND ORDERED** in Orlando, Florida on July 22, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties